HAUKEY (UNITED STATES v.). See Case No. 15,328.

HAUN (UNITED STATES v.). See Case No. 15,329.

---

## Case No. 6,225.

### HAUPTMAN v. NELSON.

[4 Cranch, C. C. 341.][1]

Circuit Court, District of Columbia. Nov. Term, 1833.

BANKRUPTCY—RIGHTS OF NON-RESIDENT CREDITORS.

A discharge under the insolvent law of the District of Columbia, does not affect the rights

[1] [Reported by Hon. William Cranch, Chief Judge.]

·of a non-resident creditor, unless the debtor be confined at his suit at the time of the discharge, and special bail will be· required notwithstanding such discharge.

Mr. Hall moved the court to permit him to appear for the defendant [Arthur Nelson] without bail, because the defendant had been discharged under the insolvent law of this District since the cause of action accrued.

Mr. Brent, for plaintiff, stated that the plaintiff [Philip Hauptman] was not a resident of the District of Columbia, and was not the creditor at whose instance the defendant was confined. See the act of May 6, 1822, entitled "An act for the relief of certain insolvent debtors." 3 Stat. 682.

Mr. Hall, in reply, contended that that act applied only to non-resident debtors who might be arrested and confined here. That the proviso does not extend beyond the evil intended to be remedied, which was that non-resident defendants had not the benefit of the act of 1803. The act of 1822 gives them the benefit, but with a proviso that the discharge shall not operate against any creditor residing out of the limits of the District of Columbia, except the creditor at whose instance the debtor may be confined.

But THE COURT (THRUSTON, Circuit Judge, absent) said that the proviso goes further than the case stated in the clause repealed, and expressly provides, that "no discharge under this act or the act of which it is amendatory, shall operate against any creditor residing without the limits of the District· of Columbia, except the creditor at whose instance the debtor may be confined." The words being positive, and extensive enough to take in the present case, THE COURT cannot limit them so as to exclude it. THE COURT had before decided the point in the same way, in several cases.